THE STATE ex rel. THOMPSON, Collector of the Revenue, v. O. E. PAYNE, Appellant.

Division One, April 1, 1908.

1. **TAXATION: Maximum Rate: Waterworks.** A city of the fourth class has power to levy a tax of thirty cents on the hundred dollars' valuation of property, in addition to a tax of fifty cents for general city revenue, to be used in the payment of bonds issued for the purpose of constructing a waterworks system.

2. ———: ———: ———: **Statute.** The statute (Sec. 5968, R. S. 1899), authorizing a city of the fourth class "to borrow money and issue bonds for the payment thereof, within the limits prescribed by the Constitution, for the purpose of erecting waterworks . . . . without increasing the annual rate

of taxation," does not limit the rate of taxation to fifty cents on the one hundred dollars' valuation, but, in addition to that amount, which may be levied for general revenue purposes to pay current expenses, etc., the city may, when properly authorized to do so by the legal voters, levy a further tax of thirty cents, or any other amount, to pay bonds issued for the construction of a waterworks system, so long as the entire amount of such bonds does not exceed the maximum indebtedness which such city under the Constitution may incur. [Following Evans v. McFarland, 186 Mo. 703.]

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*R. H. Stevens* for appellant.

*Thos. K. Skinker, E. W. Mills* and *Sam D. Hodgdon* for respondent.

VALLIANT, P. J.—This is a suit to collect a tax imposed by a city ordinance. Webster Groves is a city of the fourth class; the relator is the collector of the city's revenue. Defendant is a resident of the city, owning property there subject to taxation.

Under section 11 of article 10 of our State Constitution, the rate of taxation, for city purposes, in cities of the fourth class, is limited so as not to exceed fifty cents on one hundred dollars' valuation of property. Under section 12 of article 10, however, as construed by this court in Lamar W. & E. L. Co. v. City of Lamar, 128 Mo. 188, and decisions following that, a city may incur indebtedness in excess of the limitation prescribed in section 11 when it is for the purpose of erecting, maintaining and operating waterworks, electric light works, etc., and when it is authorized by two-thirds of the legal voters of the city and when it does not with the already existing indebtedness exceed five per cent (by amendment it is now ten per cent) of the total taxable property in the city. Section 12, authorizing the incurring of such indebted-

ness, requires that the city "before or at the time of doing so, provide for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also to constitute a sinking fund for payment of the principal thereof, within twenty years from the time of contracting the same."

Section 5968, Revised Statutes 1899, is: "The board of aldermen shall have the power to borrow money and issue bonds for the payment thereof, within the limits prescribed by the Constitution, for the purpose of erecting waterworks, electric light works, a city hall, and other public buildings and improvements, and for furnishing the same, without increasing the annual rate of taxation. But such bonds shall not be issued until two-thirds of the legal voters of such city have assented thereto in accordance with article 13, chapter 91, Revised Statutes 1899."

Under that section of the statute and in due compliance with its terms the city had issued its bonds to the amount of $50,000, which was within the constitutional limit, for the purpose of erecting waterworks and supplying the city with water, and those bonds were outstanding when the ordinance imposing the tax now in question was adopted. By that ordinance a tax of fifty cents on the hundred dollars' valuation of taxable property was imposed for general city revenue, and thirty cents to create a sinking fund and to pay interest on the water bonds. The defendant in this case tendered the fifty cents tax but refused to pay the additional assessment of thirty cents, and thereupon the collector of revenue brought this suit. The trial court rendered judgment for the plaintiff and the defendant appealed. The appeal was taken to the St. Louis Court of Appeals, and by that court transferred to this court on the ground that a decision of the case would require an interpretation of the sections of the Constitution above mentioned.

The contention of the defendant is that section 5968, Revised Statutes 1899, confers on the city power to incur the indebtedness for the purposes therein named on the condition that it be done "without increasing the annual rate of taxation," quoting those words from the statute itself, and that therefore the city had no authority to go beyond the limit of fifty cents on the hundred dollars' valuation, and any provision to be made for paying interest on the bonds and providing a sinking fund for the discharge of the principal within twenty years must be made out of that fifty cents' assessment. That is the point on which the defendant rests his case, and it is the only point presented for our consideration.

Since the appeal in this case was taken the same question that it now presents for our decision has been decided by this court in the case of Evans v. McFarland, 186 Mo. 703. That case was argued more than once before the court and it received our careful consideration.

In that case the city of West Plains, a city of the fourth class, had, for the same purpose the tax in the case at bar has been assessed, imposed a tax of twenty-five cents on the hundred dollars' valuation in addition to the fifty cents' tax for general city revenue, and the contention there was, as it here is, that the words of the statute "without increasing the annual rate of taxation" made unlawful any assessment beyond the fifty cents on the $100. The subject was considered in an elaborate and careful opinion by LAMM, J., speaking for the court, and the conclusion reached that the additional assessment of twenty-five cents to pay interest on the bonds and provide a sinking fund for their retirement was a lawful exercise of the taxing power of the city government. We can add nothing to what was said in that opinion. For the

reasons given in the opinion in that case the judgment of the trial court in this case is affirmed.

All concur.